**LI HUI MA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73523.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.[*]

Decided Feb. 23, 2006.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Wayne D. Hettenbach, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Li Hui Ma is a native and citizen of China. Ma petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's decision, we review the decision of the IJ as if it were that of the BIA. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir.2001), and we deny this petition for review.

The IJ offered a specific, cogent reason for his credibility determination based on an inconsistency regarding the amount of the fine imposed on Ma for his family practice violation. Because this goes to the heart of Ma's asylum claim, substantial evidence supports the IJ's adverse credibility determination. *See id.; see also Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir. 2004) (this court is bound to accept the IJ's adverse credibility finding so long as one of the IJ's identified grounds is supported by substantial evidence and goes to the heart of the petitioner's claim of persecution).

Because Ma did not establish that he is eligible for asylum, he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the IJ's denial of CAT relief because Ma did not establish that it is more likely than not that he will be tortured if returned to China. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Because Ma failed to show how the IJ's alleged bias affected the case's outcome, and thus failed to establish prejudice, his due process claim fails. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002).

Finally, Ma's contention regarding the BIA's affirmance without opinion is meritless, because, contrary to his contention, the BIA specifically addressed his bias argument.

**PETITION FOR REVIEW DENIED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

